400 So.2d 633 (1981)
STATE of Louisiana
v.
Major STEWART.
No. 80-KA-2875.
Supreme Court of Louisiana.
June 22, 1981.
*634 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julie LeBlanc, Louise Korns, J. Kevin McNary, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Susan B. Milstein, Student, John Standesk, Michael S. Gallagher, William O'Hara, New Orleans, Loyola Law School Clinic, for defendant-appellant.
KLIEBERT, Justice ad hoc.[1]
The facts of the case are not at issue. A dispute developed between Robert Eppis and Major Stewart, defendant, regarding Eppis' repair of defendant's automobile. The victim, Eppis, asserted that on May 11, 1979, Stewart pulled a gun, ordered Eppis into the car, drove him to a deserted section of the Mississippi River levee, forced him out of the car and at gunpoint robbed him of $220.00. Following the robbery, according to the victim, he was shot in the left arm and then as he was attempting to escape from Stewart, was shot in the left leg. Eppis says he hid in the water by some moored barges and after he believed Stewart had left, crawled back over the levee where he received assistance from third parties. The victim Eppis later identified Stewart to the police as his assailant.
Major Stewart was charged by bill of information on a first count of armed robbery in violation of La.R.S. 14:64 and a second count of attempted first degree murder in violation of La.R.S. 14:27, 14:30. Responsive verdicts to the first count of armed robbery was (a) Guilty as charged, i. e., armed robbery, (b) Guilty of attempted armed robbery, (c) Guilty of simple robbery and (d) Not guilty. Responsive verdicts to the second count of attempted first degree murder was (a) Guilty as charged, i. e., attempted first degree murder, (b) Attempted second degree murder (c) Guilty of attempted manslaughter, (d) Guilty of attempted aggravated battery and (e) Not guilty.
After trial by jury, defendant was convicted of attempted second degree murder. The jury was deadlocked on the armed robbery charge and a mistrial was declared as to that charge. A motion for new trial was denied. The defendant was sentenced to 20 years hard labor with the Louisiana Department of Corrections. Defendant appeals, assigning as error a denial of due process.
First, defendant contends his due process rights were violated because the crime for which he was convicted, i. e., attempted second degree murder,[2] does not include all of the elements of the crime with which he was charged, i. e., attempted first degree murder.[3] Hence, he argues that he did not receive the constitutionally required notice of the charge for which convicted and in the absence of such notice was deprived of an adequate opportunity to defend against the crime for which convicted.
In support of the argument, counsel for defendant relies on State v. Booker, on *635 rehearing, 385 So.2d 1186 (La.1980). In Booker, the defendant was charged with attempted first degree murder and convicted of attempted second degree murder. The same statutes applicable in the instant case were applicable in Booker. This Court reversed the conviction, finding that defendant Booker was convicted of criminal conduct not actually included within the charge of attempted first degree murder; i. e., he was convicted of attempting to kill a person while engaged in the perpetration of a major felony. In finding the defendant had been denied due process of law, despite the fact that attempted second degree murder was legislatively classified as a responsive verdict to the crime charged, this Court reasoned that Booker had not received the constitutionally required "adequate notice for due process" because all of the elements necessary to constitute the crime of attempted second degree murder, i. e., the underlying felony was not included in the definition of the crime of attempted first degree murder; therefore, a charge of attempted first degree murder does not give notice of the underlying felony necessary to support the crime of attempted second degree murder.
The instant case, however, is distinguishable from Booker, because defendant Stewart was charged with attempted first degree murder and with armed robbery, both offenses having occurred in the same sequence of events. The defendant in this case, then, was adequately apprised that the attempted murder took place in the perpetration of one of the enumerated felonies, i. e., an armed robbery, and the defendant was aware that felony murder was a responsive verdict to the crime charged. Through the combined charge of armed robbery and attempted second degree murder in the bill of information, the defendant was fully notified of every element of the crime of second degree murder, thus, his due process right to be informed of the charges against him was not violated.
Secondly, the defendant contends he was denied due process of law because one element of the crime of felony murder, the underlying felony (in this instance, armed robbery), was not proven beyond a reasonable doubt.
It is well established that every element of a crime must be proven beyond a reasonable doubt before a defendant can be convicted of the offense. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
Further, where, as here, the definition of the greater crime does not necessarily include all of the elements of the lesser, this Court has stated that one of the inquiries to satisfy due process is to determine whether there is evidence to support the conviction for the lesser offense even though it is a legislatively designated responsive verdict. State v. Dauzat, 392 So.2d 393 (La.1980). Under this rationale, the defense urges that since the elements necessary to convict for attempted second degree murder are not included in the charge of attempted first degree murder and since the jury failed to find the defendant Stewart guilty of armed robbery as charged, the defendant was denied due process because the state failed to prove beyond a reasonable doubt all of the elements necessary for a conviction of attempted second degree murder, i. e., the underlying felony.[4]
To maintain this contention, the defense must show reason to believe the jury failed to return a verdict of guilty on the armed robbery charge because of reasonable doubt as to the defendant's guilt. While it would appear persuasive that a "hung jury" on the charge could only result *636 from lack of conviction beyond a reasonable doubt of guilt on the part of some jurors, the evidence coupled with the fact the jury returned a verdict of attempted second degree murder persuades us the jury was convinced every element of the crime, including the underlying felony, was proven beyond a reasonable doubt.
It would be rank speculation to attempt to explain why the jury was deadlocked on the armed robbery charge.[5] To accept the defendant's argument would mean that, in order for this defendant to have been convicted of attempted second degree murder, he would have had to been found guilty of both the attempted felony murder and the felony or attempted felony. As discussed previously,[6] such a scenario is barred by double jeopardy protection and would produce incongruous results.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Guillot, 389 So.2d 68 (La. 1980); State v. Landry, 381 So.2d 462 (La. 1980); State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. den. 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787; State v. Mathews, 375 So.2d 1165 (La.1979).
The evidence presented at trial by the state consisted almost entirely of the victim's own testimony. The victim, Eppis, testified that he had agreed to repair the defendant's car. A misunderstanding developed and the defendant accused the victim of stealing his car and some of its contents. According to the victim's testimony, defendant Stewart forced him into a car at gunpoint and drove to a deserted part of the levee. Eppis further stated that defendant Stewart repeatedly told him he was going to kill him, robbed him of $220.00 in cash and then shot him in the arm. Eppis asserted that after the first shot he ran toward the Mississippi River and was shot in the leg in his attempt to escape. He waded into the river and hid behind a barge. The defendant did not attempt to follow him and Eppis later crawled over the levee to a nearby house for help.
Applying the standard above stated, this testimony and the record as a whole convinces us that there is sufficient evidence in the record to support a rational trier of fact returning a verdict of guilty beyond a reasonable doubt on the felony murder charge. Hence, we conclude there was no denial of due process.
For the foregoing reasons, therefore, the conviction and sentence are affirmed.
LEMMON and DENNIS, JJ., concur and will assign reasons.
REDMANN, J. Pro Tem., dissents with reasons.
REDMANN, Justice Pro Tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of the Louisiana Supreme Court as constituted by La.Const. Art. 5 §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La.1981, 403 So.2d 1157, 1161.
NOTES
[1] Judges Redmann and Kliebert of the Court of Appeal, Fourth Circuit, Judge Cutrer of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.
[2] At the time second degree murder was defined as "the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated kidnapping, aggravated escape, armed robbery or simple robbery, even though he has no intent to kill or to inflict great bodily harm." La.R.S. 14:30.1 as of May 1979. Attempted second degree murder was made a responsive verdict to a charge of attempted first degree murder by La. Code of Criminal Procedure Article 814(A)(2).
[3] At the time first degree murder was defined as the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. La.R.S. 14:30(1) as of May 1979.
[4] It should be noted that the prohibition against double jeopardy forbids prosecution and conviction for both felony murder and the enumerated felony. Here defendant Stewart was charged with attempted first degree murder and armed robbery; hence, the charge was proper. The defendant could not, however, be convicted of attempted felony murder and the underlying felony. Once convicted of attempted "felony murder" the defendant is punished for the felony which he was perpetrating at the time of the attempted murder and he cannot be punished a second time for the same offense. State v. Henderson, 292 So.2d 505 (La.1974).
[5] I. e., was it deadlocked over guilty or not guilty as charged, or guilty or not guilty of attempted armed robbery, or was it a compromise vote, or a vote showing leniency, or some combination of these?
[6] See footnote 4, supra.