462 So.2d 684 (1984)
STATE of Louisiana
v.
Joseph R. ROGERS.
No. KA-2505.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1984.
*685 Dwight Doskey, Frank Larre, Orleans Indigent Defender Program, New Orleans, for defendant-appellant, Joseph R. Rogers.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, The State of Louisiana.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
WARD, Judge.
Joseph R. Rogers was charged in a three count bill of information, found guilty, and convicted of attempted first degree murder and aggravated arson, as well as armed robbery. He was sentenced to twenty-three years imprisonment for each offense, the sentences to be served concurrently without benefit of parole, probation or suspension of sentence.
The question raised in this appeal is whether Rogers' multiple convictions and sentences at a single trial for the crimes of attempted first degree murder and the underlying felony, aggravated arson, subjected him to double jeopardy. We hold that, under the facts of this case, the multiple convictions have led to multiple punishment for the same criminal conduct, and so we vacate the conviction and sentence for aggravated arson.
Rogers was employed as a laborer at the Glenrose Motel in New Orleans during November and December of 1983. He stayed in Room 35 of the motel until December 11, when he checked out, taking the room key with him.
About eight o'clock on the morning of December 19, the manager of the motel, Pusvadan Patel, received a telephone call summoning him to Room 35 to repair the heater. As Patel entered the room, he was hit on the head with a pipe by a person standing behind the door. Patel immediately recognized his assailant as Joseph Rogers. Rogers continued to beat Patel with the pipe, took his motel keys, bound and gagged him with strips of torn sheets, and put him in a closet. Ten minutes later, when Patel began to smell smoke, he worked himself free and escaped from the closet and the burning room.
The fire department quickly put out the fire, which an arson investigator testified was started by an open flame at three points in the motel room, two of which were near the closet. Investigating police officers found the motel office ransacked and the cash register empty.
These facts are sufficient evidence for the jury to have found Rogers guilty beyond a reasonable doubt on every essential element of attempted first degree murder based upon the perpetration of aggravated arson, as well as aggravated arson and armed robbery. Nevertheless, constitutional and statutory prohibitions against double jeopardy protect Rogers from punishment for both attempted first degree murder and aggravated arson.
Louisiana Code of Criminal Procedure Article 596 defines double jeopardy in terms of a second prosecution for the same offense, but its provisions also protect an accused from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983). When the same conduct is a violation of two criminal statutes, there is an accepted test to determine *686 whether conviction and punishment for both places the accused in double jeopardy: Does conviction for each offense require proof of an additional element which the other does not? State v. Vaughn. This test is to be applied to the evidence required to convict, not to all evidence presented at trial. State v. Steele, 387 So.2d 1175 (La.1980).
By applying this test to the elements of Rogers' crimes, it is clear that aggravated arson does not require proof of an additional element beyond those of attempted first degree murder when that charge is based on the underlying crime of aggravated arson. The elements of first degree murder applied in this case are: 1) the killing of a human being, 2) when the offender has specific intent to kill or to inflict great bodily harm, and 3) is engaged in the perpetration of aggravated arson. La.R.S. 14:30(1). Attempted first degree murder occurs when any person, while having a specific intent to kill and while committing aggravated arson, does any act which tends directly toward the killing. La.R.S. 14:27. The definition of attempted first degree murder includes aggravated arson, and when Rogers was convicted of attempted first degree murder, the jury of necessity found that every element of aggravated arson had been proved beyond a reasonable doubt. Hence, Rogers was twice placed in jeopardy for the arson: once on the arson charge itself and again as an element of the attempted murder.
This case apparently is the first in which an appellate court has been faced with the double jeopardy ramifications of the 1979 first degree felony murder statute. However, the Supreme Court considered a similar problem in a case under the old first degree murder statute. In State ex rel. Wikberg v. Henderson, 292 So.2d 505 at 511 (La.1974), the Court noted that one who robs and then kills his victim could not be prosecuted for both crimes unless the murder was prosecuted under the (then-existing) intentional murder provision, rather than as a felony murder. The State had an alternative of prosecuting either felony murder or the underlying felony. Applying this rationale to the present statute, we hold that in this case, the State cannot convict and punish for both an attempted first degree felony murder and the underlying felony of aggravated arson.
We do not decide nor do we now hold, however, that after acquittal, as opposed to conviction, of first degree murder or attempted first degree murder, an accused would be subjected to double jeopardy by prosecution for the underlying felony.
We vacate Joseph Rogers' conviction and sentence for aggravated arson, the less severely punishable offense, in accord with State v. Doughty, 379 So.2d 1088 at 1091 (La.1980). In all other respects, the convictions and sentences are affirmed.
VACATED IN PART, AFFIRMED IN PART.