514 So.2d 534 (1987)
STATE of Louisiana,
v.
Gordon Lee BRADFORD.
No. K87-166.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1987.
Gordon Lee Bradford, in pro. per.
J. Nathan Stansbury, Dist. Atty., Lafayette, for plaintiff.
Before STOKER, LABORDE and YELVERTON, JJ.
*535 YELVERTON, Judge.
Relator, Gordon Lee Bradford, was charged with attempted first degree murder (La.R.S. 14:27 and 14:30), and attempted armed robbery (R.S. 14:27 and 14:64). A jury returned a verdict of guilty of attempted manslaughter (R.S. 14:27 and 14:31) which was responsive to the charge of attempted first degree murder, and guilty of attempted armed robbery.
The sentence was 10 ½ years imprisonment at hard labor on the attempted manslaughter conviction to run concurrently with a sentence of 49 ½ years at hard labor, without benefit of parole, probation or suspension robbery conviction. Relator's conviction, along with that of a co-defendant, Ruby Ann Palmer, was affirmed by this court. State v. Palmer, 447 So.2d 1159 (La.App. 3rd Cir.1984).
Relator thereafter filed an application for post-conviction relief in the district court, making a number of claims, all of which were denied by the trial court, and the relator then applied for writs to this court urging five assignments of error. We issued an order directing the state to respond to the writ application, giving further time for briefs, so that we could consider the application in more depth. The matter is now before us for decision.
Four of the assignments of error have no merit, and writs are denied as to them. One assignment, that his trial subjected relator to double jeopardy, has merit, for the following reasons.
La.C.Cr.P. Art. 596 speaks of double jeopardy in terms of a second prosecution for the same offense, but its provisions also protect an accused from multiple punishment for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983). Thus, further prosecution and conviction for attempted armed robbery, the enumerated felony, is precluded following a conviction of second degree murder. State v. Stewart, 400 So.2d 633 (La.1981); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974). In State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), convictions of attempted first degree murder and attempted armed robbery, the enumerated felony, were held to subject the defendant to double punishment for the same offense, and one conviction was reversed and vacated. Similarly, in State v. Rogers, 462 So.2d 684 (La. App. 4th Cir.1984), multiple convictions and sentences at a single trial for the crimes of attempted first degree murder and the underlying felony, aggravated arson, were held to subject the defendant to double jeopardy.
In the present case the defendant was convicted of the responsive crime of attempted manslaughter on a charge of attempted first degree murder. At the same time he was convicted of attempted armed robbery, the underlying felony. Since defendant was in jeopardy of the offense of attempted first degree murder, this constitutes double jeopardy.
We grant the relator's application for post-conviction relief. According to State v. Doughty, 379 So.2d 1088 (La.1980), in such cases, where multiple punishment has been erroneously imposed, "the appropriate procedure at the appellate level is to eliminate the effect of the judgment as to the the less severely punishable offense." The attempted manslaughter judgment is the less severely punishable offense, and the conviction and sentence for attempted manslaughter is vacated.