525 So.2d 1149 (1988)
STATE of Louisiana, Appellee,
v.
Joseph W. JONES, Appellant.
No. K87-1125.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*1150 Gerald J. Block, Lafayette, for defendant-appellant.
J. Nathan Stansbury, Dist. Atty., Lafayette, for plaintiff-appellee.
Before FORET, STOKER and DOUCET, JJ.
FORET, Judge.
We granted certiorari primarily to fully consider relator's complaint of double jeopardy, but we will also consider the legality of the jury verdict.
Relator, Joseph W. Jones, was charged by bill of information with attempted first degree murder, a violation of La.R.S. 14:30 and 14:27, and with armed robbery, a violation of La.R.S. 14:64. Relator was found guilty at a trial by jury of both charges. Relator's original sentences were vacated and the case was remanded for resentencing. State v. Jones, 478 So.2d 764 (La.App. 3 Cir.1985). Relator was resentenced to sixty years at hard labor without benefit of parole, probation, or suspension of sentence on the armed robbery conviction and fifty years at hard labor on the attempted first degree murder conviction, the sentences to run concurrently. Relator filed an application for post-conviction relief in the trial court on August 24, 1987, which was denied on August 27, 1987. Relator seeks review of this ruling based on two assignments of error.

FACTS
On May 2, 1983, the victim, who was working as a cab driver, picked up Jones and a co-defendant at a Lafayette bus station. Upon arriving at the requested destination, Jones and the co-defendant pulled a gun on the victim and took money from his pockets. The victim was then knocked down and shot twice.[1]
At trial, the jury returned from deliberations and informed the court, through its foreman, that there was unanimity in finding defendant guilty as charged. After the verdict was pronounced by the clerk, the *1151 defense attorney requested polling of the jurors. In polling the jurors, the clerk correctly identified the first charge as attempted first degree murder and all jurors indicated a guilty vote. As to the second count, the clerk inadvertently identified the verdict as being for attempted armed robbery when polling the first three jurors. The other nine were correctly asked whether the verdict was guilty to armed robbery.

Assignment of Error No. 1
Relator contends by this assignment of error that the trial court erred in denying his application for post-conviction relief on the grounds he was subjected to double jeopardy by being tried for attempted first degree murder and armed robbery, the underlying enumerated felony. Relator asserts that the proper remedy is to eliminate the sentence for attempted first degree murder, the less severely punishable offense.
La.C.Cr.P. art. 596 protects the criminal defendant from multiple punishment for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983). As a general rule, double jeopardy bars separate punishment for lesser included offenses where the defendant has also been convicted of the greater offense. State v. Cotten, 438 So.2d 1156 (La.App. 1 Cir.1983), writ denied, 444 So.2d 606 (La.1984). Therefore, a defendant should not be prosecuted for "felony murder" and the enumerated felony. State v. Stewart, 400 So.2d 633 (La. 1981); State v. Rogers, 462 So.2d 684 (La. App. 4 Cir.1984), writ denied, 478 So.2d 899 (La.1985); State v. Cotten, supra; State v. Bradford, 514 So.2d 534 (La.App. 3 Cir. 1987).
In State v. Cotten, supra, the court found double jeopardy where the defendant was convicted of attempted first degree murder and attempted armed robbery, the enumerated felony. Like the instant case, defendant had shot the victim during an armed robbery. Because the same act constituted two offenses, the convictions of attempted first degree murder and attempted armed robbery, the enumerated felony, were held to constitute double jeopardy. The court, quoting State v. Stewart, stated:
"Once convicted of attempted felony murder, the defendant is punished for the felony which he was perpetrating at the time of the attempted murder and he cannot be punished a second time for the same offense."

Cotten, supra, at 1160-61.
The State contends that Jones' convictions on both counts do not constitute double jeopardy because two distinct crimes were committed.
The determination as to whether the chain of events has been broken, constituting separate crimes, is a question of fact for the determination of the jury. See State v. Anthony, 427 So.2d 1155 (La. 1983). In order to convict Jones of attempted first degree murder, the jury had to find that Jones was engaged in the commission or attempted commission of aggravated burglary, armed robbery, or simple robbery at the time he attempted to kill the victim. We find that the jury was correct in determining that the entire incident, from the time the victim was robbed at gunpoint until he was knocked down and shot twice, constituted a "continuous transaction." See State v. West, 408 So.2d 1302 (La.1982); State v. Shilling, 440 So.2d 110 (La.1983). Furthermore, on this basis, if the State was correct in its contention that two separate crimes were committed, the conviction for first degree murder would inevitably fall due to the failure of the jury to find that the State proved an essential element of the crime, i.e., the attempted first degree murder while in the perpetration of the enumerated felony.
In the instant case, Jones was found guilty using the same factual circumstances to establish attempted first degree murder as well as armed robbery, the enumerated felony. Since Jones was in jeopardy for the offense of attempted first degree murder, any prosecution and conviction for armed robbery, the enumerated felony in the first degree murder statute, constitutes double jeopardy. In cases where double jeopardy results in multiple sentences, the appropriate remedy is for the court to nullify *1152 and void the effect of the judgment as to the less severely punishable offense. State v. Doughty, 379 So.2d 1088 (La.1980). See also Bradford, supra. In the instant case, the attempted first degree murder conviction is the less severely punishable. Therefore, the conviction and sentence for attempted first degree murder should be vacated. The conviction for armed robbery and the sixty-year sentence imposed therefore are affirmed.

Assignment of Error No. 2
By this assignment of error, Jones alleges that his conviction for armed robbery is invalid because three jurors answered affirmatively during polling when the clerk inadvertently identified the verdict as guilty to attempted armed robbery. Jones argues that because ten jurors were not shown to have concurred in a verdict of guilty to armed robbery, there is no valid conviction.
This issue would be more properly reviewable by a direct appeal rather than pursuant to an application for post-conviction relief. See La.C.Cr.P. art. 924.1. As we inadvertently granted the writs as to both issues set forth in relator's application, we will address this issue also.
First, there was no contemporaneous objection to the clerk's error at the time of the jury polling. Where there is no contemporaneous objection of polling, the validity of the procedure used at polling will not be reviewed. State v. Lamb, 458 So.2d 996 (La.App. 3 Cir.1984); State v. Mouton, 319 So.2d 331 (La.1975); State v. Gardette, 352 So.2d 212 (La.1977); State v. Parker, 506 So.2d 675 (La.App. 5 Cir.1987); La.C.Cr.P. art. 841.
"One purpose of the contemporaneous objection rule is to require counsel to call an error to the judge's attention at a time when the judge may correct the error. The rule also prevents defense counsel from "sitting on" an error and gambling unsuccessfully on the verdict, and later resorting to appeal on an error which might have been corrected at trial."

State v. Arvie, 505 So.2d 44, 47 (La. 1987).
Additionally, this issue was not assigned as error in relator's appeal before this Court. La.C.Cr.P. art. 920(1). Under these circumstances, relator's objection to the clerk's error at the time of polling was waived. Thus, it cannot be the subject of appellate review unless the error "is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.C.Cr.P. art. 920(2).
The "pleadings and proceedings" forming the "record" for purposes of an errors patent check were defined in State v. Oliveaux, 312 So.2d 337, 339 (La.1975), as follows:
"We have determined that the record in a criminal case includes the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the impanelling of the jury, the verdict, and the judgment, State v. Palmer, 251 La. 759, 206 So.2d 485 (1968), State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); the bill of particulars filed in connection with a short form indictment or information, State v. Picou, 236 La. 421, 107 So.2d 691 (1959); and, in capital cases, a minute entry indicating that the jury had been sequestered as required by La.C.Cr.P. Art. 791, State v. Hunter, 306 So.2d 710 (La.1975), State v. Luquette, 275 So.2d 396 (La. 1973).
Mere presence of a document in the record transmitted to this Court is not sufficient to allow us to review the document for discoverable error under Article 920(2). State v. Craddock, 307 So.2d 342 (La.1975)."
Although the jury verdict is reviewable under an errors patent check[2], a review of that portion of the transcript which records the polling of the jury involves an inspection of the evidence and any error found herein is not discoverable by mere inspection *1153 of the pleadings and proceedings. See State v. Leak, 306 So.2d 737 (La.1975); State v. Wrestle, Inc., 360 So.2d 831 (La. 1978).
A review of the "record" reveals no patent error. Nonetheless, for the sake of providing a full review of defendant's assignment, we address his contention that the verdict is ambiguous and refer to the "pleadings, evidence...., or the form of the verdict to determine the jury's intent." See State v. Vincent, 387 So.2d 1097 (La. 1980); State v. Williams, 386 So.2d 1342 (La.1980); State v. Freeman, 444 So.2d 243 (La.App. 1 Cir.1983), writ denied, 447 So.2d 1076 (La.1984).
In the instant case, the court clerk and the foreman of the jury had the following exchange:
Deputy Clerk:
"State of Louisiana versus Joseph Wilfred Jones, Docket Number 48855. Charge for armed robbery. We, the jury, find the defendant guilty of armed robbery. Lafayette, Louisiana, this 12th day of September, 1984. signed: Patrick W. Cruth, Foreperson.
Is that your verdict?"
The Jury: "Yes."
Immediately thereafter, the clerk inadvertently identified the verdict as "attempted armed robbery" to the first three jurors. Each of the three jurors were asked, "Is that your verdict for attempted armed robbery?" and each answered affirmatively. After polling the remaining jurors, the trial court ordered the verdict recorded without objection by defense counsel.
The correct verdict was read to the court within the hearing of the entire jury. The verdict was dated and signed by the foreman and clearly expressed the intent of the jury to find relator guilty as charged. See State v. Young, 469 So.2d 1014 (La.App. 1 Cir.1985). The purpose of polling is to verify that the jurors acquiesced in the verdict handed down. It seems apparent from the transcript that the first three jurors were merely acknowledging the guilty verdict to armed robbery and did not realize the error by the clerk in misidentifying the charge. It is noteworthy that neither the defense attorney, the prosecuting attorney, nor the trial judge recognized the error and all accepted the verdict of guilty to armed robbery.
The three jurors in question obviously did not notice the inadvertent statement by the clerk in saying "attempted armed robbery". The fact that no one objected to the misstatement, that the verdict as originally read correctly identified the finding as guilty of armed robbery, and the fact that the verdict was recorded without objection by defense counsel amply demonstrates that there was a unanimous verdict of guilty to armed robbery. La.C.Cr.P. art. 812 requires that the verdict be "announced" to each juror and that he be asked, "Is this your verdict?" In the instant case, the affirmative response by the first three jurors can be interpreted as an acknowledgment of a verdict of guilty to armed robbery and not to attempted armed robbery. The lack of ambiguity in the verdict form and the minutes of the court reflect a unanimous verdict of guilty of armed robbery which cures any potential ambiguity caused by a clerical error in the polling of the jury. "The jury clearly intended to find the defendant guilty ..., and its verdict should not be overturned because an arguably ambiguous and inartful expression frames it." State v. Freeman, supra, at page 246, citing State v. Cole, 158 La. 799, 104 So. 720 (1925). We find this assignment of error without merit.
WRIT GRANTED AND MADE PEREMPTORY:
For the foregoing reasons, relator's conviction for attempted first degree murder is reversed, the sentence therefor vacated, and the bill of information charging that offense, quashed; relator's conviction for armed robbery and the sentence imposed therefor are affirmed.
NOTES
[1] The facts are not supplied in relator's present writ application, but are taken from his previous appeal.
[2] State v. Farmer, 497 So.2d 777 (La.App. 3 Cir.1986), modified, 503 So.2d 469 (La.1987).