554 So.2d 180 (1989)
STATE of Louisiana, Respondent,
v.
Robert LEE, Jr., III, Applicant.
No. 21292-KH.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Robert Lee, in pro per.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William Coenen, Jr., Dist. Atty., Rayville, E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for respondent.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
MARVIN, Judge.
To review the trial court's denial of Robert Lee's claim of double jeopardy, we granted his application for post-conviction relief that arises out of his being sentenced, on 1987 pleas, for attempted first-degree [felony] murder and for armed robbery, the felony element under the first-degree murder statute. State v. Jones, 525 So.2d 1149 (La.App.3d Cir.1988).
The double jeopardy claim is not waived by the defendant's unqualified guilty pleas to both crimes. State v. Dubaz, 468 So.2d 554 (La.1985).
Reversing the trial court, we vacate Lee's conviction of the less severely punishable offense (attempted first-degree murder), for which he was sentenced to 50 years at hard labor. His sentence under the armed robbery statute, 30 years at hard labor without probation, parole or suspension of sentence, is not disturbed. State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974); State v. Doughty, 379 So.2d 1088 (La.1980); State v. Jones, supra.
When proof of the commission of a felony (armed robbery in this instance) is an essential element of a first-degree murder or an attempted first-degree murder, the defendant cannot be convicted and punished for both the murder or attempted murder and the underlying felony. State ex rel. Wikberg v. Henderson, supra; State v. Rogers, 462 So.2d 684 (La.App. 4th Cir.1984), writ denied 478 So.2d 899; State v. Bradford, 514 So.2d 534 (La.App. 3d Cir.1987), writ denied, 523 So.2d 226, U.S. cert. denied, ___ U.S. ___, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988).
Lee's guilty plea colloquy shows that he entered a shoe store in Wisner on April 2, 1987, with a baseball bat he had concealed under his coat and struck the store owner on the head. He then pried open the cash register with a screwdriver, taking the money therefrom, and again struck the store owner on the head with the bat before he left the store.
We emphasize that before accepting Lee's guilty pleas, the trial court explained *181 to him the elements of the attempted [felony] murder charge:
[F]irst degree murder is the killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of ... armed robbery ... And what that means is that the State would have to prove that you attempted to commit that crime and that's the legal definition of that crime. Which means that you had specific intent to kill when you were committing the crime of armed robbery.

To accept Lee's guilty plea to attempted first-degree murder, and as the court explained, the court had to have found that Lee committed the offense with the specific intent to kill while perpetrating an armed robbery.
The State fails to distinguish its burden of proof (of every element of the crime charged, LRS 15:271) of attempted first-degree felony murder and of attempted second-degree murder. First-degree felony murder, or its attempt, requires proof of two elements, specific intent and perpetration of a listed felony. Second degree murder may be either a true felony murder without specific intent to kill, or it may be murder not based on the perpetration of a felony, but committed with the specific intent to kill, each of which is a one-element murder.[1]
The several cases cited by the State wherein double jeopardy claims were not upheld did not involve convictions where both elements had to be found. In State v. Banks, 496 So.2d 1099 (La.App. 4th Cir. 1986), the defendant was convicted of attempted second-degree murder and armed robbery. No double jeopardy violation was found because the attempted murder charge was not based on commission of the felony (armed robbery, without specific intent to kill) under LRS 14:30.1 A(2), but solely on the element of specific intent to kill under LRS 14:30.1 A(1).
Double jeopardy challenges to convictions for attempted first-degree murder and the underlying felony were upheld in Rogers (aggravated arson) and Jones (armed robbery), cited above.
Lee was not charged with attempted second-degree murder under § 30.1 A(1), but with attempted first-degree murder under § 30 A(1), which requires proof of both elements, specific intent to kill while engaged in the perpetration of the felony of armed robbery. Under these circumstances, Lee's punishment for both the attempted first-degree [felony] murder and the felony [armed robbery] subjects him to constitutionally prohibited double jeopardy.

DECREE
Where multiple sentences subject a defendant to double jeopardy, the conviction and sentence for the less severely punishable offense are to be vacated. State v. Doughty, supra.
The trial court's denial of Lee's double jeopardy claim is reversed. State v. Jones, supra. Lee's conviction and sentence for attempted first-degree murder, the less severely punishable offense, are hereby vacated.
REVERSED AND RENDERED.
NOTES
[1] The Comment under LRS 14:30, referring to the felony-murder doctrine, was written before Louisiana adopted the degrees of murder that now exist. Technically, felony-murder at common law was an unintended killing. See LaFave and Scott, Criminal Law, pp. 545-561. The true common law felony murder is correctly defined in LRS 14:30.1 A(2).