ARMSTRONG, Judge.
Defendant, Glen Davis, was charged with and convicted of aggravated rape, attempted first degree murder and armed robbery. He was sentenced to life imprisonment at hard labor without benefit of *998 parole, probation or suspension of sentence on the aggravated rape conviction, fifty years at hard labor without benefit of parole, probation or suspension of sentence on the attempted first degree murder conviction, and ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery conviction. The sentences are to be served consecutively. On appeal defendant raises two assignments of error.
The record reflects that in March 1985, the victim was living across the hall from her friend Sandra Harris and Harris’ boyfriend, the defendant. On the evening of March 8, her work shift ended at 11:00 p.m. She had cashed her paycheck from her hospital job before coming home. As she turned the knob on her back door, the defendant knocked her into her apartment. She did not see where he had come from. She turned around and ordered him out of her house, but he brandished a gun and asked, “Do you recognize this?” The victim recognized it as a gun which had been stolen from her house. He demanded her purse which she gave him. He then began beating her with such force that she fell to the floor. He ripped off her uniform. He beat her for fifteen to twenty minutes until she was bleeding. At times he beat her with the gun; at times he held it to her head. He dragged her by the hair into her bedroom and raped her while continuing to beat her and curse her. He then told her, “I’m going to have to kill you cause I know you going to give me trouble with the police.” He shot her twice in the head. She began to crawl out of the room but the defendant returned and said, “Bitch you ain’t dead yet?” He then shot her in the neck. He took over $200.00 and jewelry.
The following day the victim’s family found her on the floor of her apartment. She identified the defendant as her assailant. She was taken to and treated at Charity Hospital but as a result of the attack, the victim is almost blind and can no longer keep her job.
In his first assignment of error, the defendant argues his convictions for aggravated rape, armed robbery and attempted first degree murder are violative of double jeopardy. Defendant submits that since the double jeopardy problems extend between attempted first degree murder and each of the other two crimes, two of the convictions in this case must be vacated, leaving only the conviction and sentence for aggravated rape. Defendant cites State v. Rogers, 462 So.2d 684 (La.App. 4th Cir.1984) writ denied (La.1985) in support of his position.
In State v. Rogers, the defendant was convicted of attempted first degree murder and aggravated arson, as well as armed robbery. This court found that the conviction for attempted first degree murder together with the conviction for aggravated arson was violative of double jeopardy because the aggravated arson was used to support the attempted first degree murder. For the jury to have found the defendant guilty of attempted first degree murder, it necessarily found that every element of aggravated arson had been proved. The defendant then could not be punished a second time for the same criminal conduct, and only one conviction could stand. The court vacated the aggravated arson conviction, the less severely punishable offense, in accordance with the dictates of State v. Doughty, 379 So.2d 1088 (La.1980).
In instant case the defendant was charged in count two with attempted first degree murder “while in the perpetration or attempted perpetration of an aggravated rape and while in the perpetration or attempted perpetration of an armed robbery.” One or the other of the underlying crimes must function as the aggravating circumstance to satisfy the attempted first degree murder charge and as such every element of that crime is included in the attempted first degree murder definition. The defendant argues two of the convictions must be vacated, but following Doughty, the attempted first degree murder, the least severely punishable offense, must be vacated. The remaining crimes each contain an element the other does not (the robbery requires a taking, the rape requires nonconsensual sexual intercourse). As such, the conviction for aggravated rape and armed robbery arising out of the *999 same conduct are not violative of double jeopardy.[1]
For the foregoing reasons, we affirm the convictions and sentences for aggravated rape and armed robbery and vacate the conviction for attempted first degree murder.
AFFIRMED IN PART, VACATED IN PART.

. We pretermit discussion of defendant’s second assignment of error, that attempted first degree murder does not bar eligibility for parole, since we are vacating his conviction for attempted first degree murder.