KLEES, Judge.
On May 4, 1989 the defendant, Derrick Jones a/k/a Joe Willie Zanders was indicted by the grand jury of aggravated rape, a violation of R.S. 14:42; armed robbery, a violation of R.S. 14:64; and, attempted first degree murder, a violation of R.S. 14:27(30). He pled not guilty and not guilty by reason of insanity; was tried by jury on August 9, 1989 and found guilty as charged on all three counts. He was sentenced on August 24, 1989 to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence on the aggravated rape conviction; to fifty years at hard labor without benefit of probation, parole or suspension of sentence on the armed robbery conviction; and, to fifty years at hard labor on the attempted first degree murder conviction. From these convictions and sentences, the defendant appeals, contending that his convictions for attempted first degree murder and aggravated rape violate the prohibition against double jeopardy.
FACTS:
At 3:30 a.m. on March 27, 1989 the defendant, whose mother was a friend of the victim, called the victim. He told her that he was locked out of his mother’s house and asked if he could come over to the victim’s house. The victim agreed. Once the defendant arrived, the victim asked the defendant if he would walk her over to her aunt’s house. She wanted to go there because she did not feel well. She went to the closet to get her shoes. When she turned back around, the defendant took a knife out of his jacket and ordered her to take her clothes off. Once she did so, he pushed her on the bed and raped her. Af-terwards he asked her if she had any money. She gave him a money order for $187.00.
In an attempt to get help, she told the defendant that her next door neighbor, had $100.00 belonging to her and suggested that she call the neighbor for it. She called the neighbor and told her she was coming over. She went next door with the defendant following her. She tried to indicate to the neighbor that she was in trouble. The defendant became angry and dragged her by her hair back to her apartment. He hit her with a stick until the stick broke. Then he started strangling her. She fainted and remembered nothing else until she woke up in the hospital. The emergency room doctor testified that the victim had numerous injuries to her head, neck, upper chest and back.

Errors Patent:

A review of the record for errors patent reveal none.

Assignment of Error:

The defense contends that the defendant's convictions for aggravated rape and attempted first degree murder violate the prohibition against double jeopardy.
The indictment charged the defendant with attempted first degree murder while in the perpetration of an aggravated rape and the aggravated rape itself. The defendant was subsequently convicted of both attempted first degree murder and aggravated rape.
The defense contends that the test for determining whether the prohibition against double jeopardy has been violated is whether each of the crimes requires proof of an additional element which the other crime does not, relying upon State v. Banks, 496 So.2d 1099 (La.App. 4th Cir.1987). Under this test, if each crime does not require proof of an additional element, the prohibition against double jeopardy has been violated. Applying this test to this case, the defense contends that proof of first degree murder requires proof of aggravated rape, plus proof of intent to kill. Proof of aggravated rape, however, does not require proof of an element which is not an element of proof for first degree murder. Consequently, he argues that the prohibition against double jeopardy has been violated.
*771 C.Cr.P. art. 596 set forth the requirements for double jeopardy. It provides:
Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Under the jurisprudence interpreting C.Cr.P. art. 596, an accused is protected against receiving multiple punishments for the same criminal conduct, as well as against being prosecuted twice for the same offense. State v. Vaughn, 431 So.2d 763 (La.1983). State v. Rogers, 462 So.2d 684 (La.App. 4th Cir.1984), writ den. 478 So.2d 899 (La.1985).
When conduct violates two criminal statutes, the test for determining whether conviction under both statutes violates double jeopardy is whether conviction for each offense requires proof of an additional element which the other does not. If each conviction does not, double jeopardy is violated. Vaughn, supra; Rogers, supra.
In Rogers, plaintiff was convicted of attempted first degree murder and aggravated arson. The attempted first degree murder was allegedly committed while the defendant was in the course of committing the aggravated arson. On appeal, this Court applied the test set forth, supra, to determine if the prohibition against double jeopardy had been violated. The court found that proof of first degree murder in that case required proof of all the elements of aggravated arson. However, proof of aggravated arson did not require proof of an additional element not already at issue in the proof for first degree murder. Consequently, the court held that double jeopardy had been violated and vacated the conviction and sentence for aggravated arson, the less severely punishable offense.
Similarly, in State v. Davis, 560 So.2d 997 (La.App. 4th Cir.1990) the defendant was convicted of 1) attempted first degree murder while in the perpetration or attempted perpetration of an aggravated rape and while in the perpetration or attempted perpetration of an armed robbery 2) aggravated rape and 3) armed robbery. Based upon the same rationale set forth in Rogers, supra, this Court held that double jeopardy had been violated and vacated the conviction for attempted first degree murder, because it was the least severely punishable offense.
Under Rogers and Davis, the prohibition against double jeopardy was violated when the defendant in this case was convicted of both attempted first degree murder while in the perpetration of an aggravated rape. The penalty for attempted first degree murder is fifty years at hard labor. The penalty for aggravated rape is life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The penalty for attempted first degree murder is less severe than the penalty for aggravated rape. Thus, the attempted first degree murder conviction and sentence must be vacated.
Accordingly defendant’s convictions and sentences for aggravated rape and armed robbery are hereby affirmed. Defendant’s conviction and sentence for attempted first degree murder is vacated.
AFFIRMED IN PART VACATED IN PART.