640 So.2d 267 (1993)
Donna KIBBLE
v.
B.P.O. ELKS LODGE # 30, d/b/a Elks Krewe of Orleans and Irving Forestier.
No. 92-CA-2529.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
Order Denying Rehearing March 17, 1994.
Writ Denied May 20, 1994.
Joseph R. Ward, Jr., Shelly Trumbaturi, Ward & Clesi, New Orleans, for plaintiff/appellee.
Charles A. Schutte, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for defendants/appellants.
KLEES and LANDRIEU, JJ., and DIXON, J. Pro Tem.
LANDRIEU, Judge.
Appellants, New Orleans Lodge No. 30, Benevolent and Protective Order of Elks d/b/a Elks Krewe of Orleanians (Elks) and *268 Louisiana Insurance Guaranty Association (LIGA), appeal a judgment of $22,300 rendered against them as a result of an injury to a Mardi Gras truck parade spectator.
On Mardi Gras day, March 3, 1987, Donna Kibble, a resident of Baton Rouge, came to New Orleans with members of her church group to participate in the Mardi Gras day festivities. For several hours prior to the incident, she stood on St. Charles Avenue watching the truck parades and catching beads in a straw hat which she held waist high. During the course of the Elks parade, Ms. Kibble was struck in the head by a bag of beads thrown by a rider. She identified the float rider only as a large man with a flushed face and stated that the float rider looked angry and that, rather than tossing the beads, the float rider threw the bag of beads into the crowd as if he were pitching a baseball.
Ms. Kibble filed suit against the Elks and Irving Forestier, captain of B.P.O. Elks Lodge # 30, to recover damages for injuries sustained. In a supplemental and amending petition, Kibble named as a defendant New England International Surety of America ("NEISA"), liability insurer for the Elks. Forestier was subsequently dismissed from the suit and LIGA was substituted as defendant in place of the insolvent NEISA. After a trial, the jury returned a verdict in favor of Kibble in the amount of $22,300.

DISCUSSION
A statute relevant to this lawsuit, La.Rev. Stat. § 9:2796, was in effect on the date of the incident. It stated in part:
[N]o person shall have a cause of action against any krewe or organization who presents Mardi Gras parades or other street parades connected with pre-Lenten festivities ... for any loss or damage caused by or related to said parades or other festivities, unless such loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
In July of 1987, subsequent to Ms. Kibble's injury the Legislature amended the statute by inserting provisions relating to members of krewes or organizations and assumption of risk. The amended statute then read in pertinent part:
A. [N]o person shall have a cause of action against any krewe or organization or member thereof who presents Mardi Gras parades or other street parades connected with pre-lenten festivities ... for any loss or damage caused by any member thereof or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization or any member thereof....
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and ends between the hours of 6:00 A.M. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.
Appellants argue that the trial court's failure to grant their exception of no cause of action was in error because it was based on the "any member" provision of the statute as amended in 1987. They contend an allegation that an unknown rider threw a package of beads with sufficient force to injure the plaintiff is insufficient to state a cause of action against the Elks under the applicable version La.Rev.Stat. § 9:2796 because it does not state a factual basis for finding that her injury was caused by a "deliberate and wanton act or gross negligence" of the Elks.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. For the purpose of *269 determining the validity of the exception, the well pleaded facts in the petition must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
In her petition, Ms. Kibble alleges that the Elks were negligent because they failed to instruct riders on the proper method of dispensing beads, allowed the riders to consume intoxicating alcoholic beverages while on the float, and failed to monitor the activities of riders during the parade. We find these allegations sufficient to state a cause of action under La.Rev.Stat. § 9:2796. Denial of defendant's exception was not in error.
Next, Appellants contend that the trial court erred in (1) instructing the jury that a krewe "is liable for negligent acts of its members if the members were acting within the course and scope of the activities or purposes which the corporation was formed to promote," (2) in referring throughout the instructions to the negligence of the Elks or "one of its members," and (3) in presenting the jury with a question on the verdict form which asked if the plaintiff was "injured as a result of the deliberate and wanton act or gross negligence of B.P.O. Elks Lodge # 30 or a rider in its parade." Appellants argue that the jury charge is contrary to the applicable version of the statute and misleading because it indicated that a judgment could be rendered against the Elks if the act was committed by a member.
Appellee argues, however, that under a theory of vicarious liability, the jury instructions are proper. Appellee contends further that this issue is not preserved for appeal because the defendants' objections to the jury instructions were not specifically based on the erroneous use of the amended statute. We disagree. Because the jury was erroneously instructed and the error probably contributed to the verdict, the jury's verdict is set aside in accordance with Picou v. Ferrara, 483 So.2d 915, 918 (La.1986) and Smith v. Travelers Ins. Co., 430 So.2d 55 (La.1983), and we review the record de novo. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
At trial, Ms. Kibble testified about the incident and her injuries. She presented expert medical testimony pertaining to her injuries, but presented no evidence regarding the Elks organization or the manner in which the Elks conducted its Mardi Gras parade. Nothing in the record supports a finding under any theory that Ms. Kibble's injury was caused by a deliberate and wanton act or gross negligence on the part of the Elks. Therefore, we find in favor of the defendant and reverse the judgment of the trial court.
Finally, LIGA asserts that any independent cause of action based on the NEISA insurance policy has prescribed. We agree. NEISA was sued only as the insurer of the Elks, the NEISA insurance policy is not in the record, there is no evidence that NEISA insured riders or members of the ELKS. Because there is no evidence to support an independent cause of action against LIGA and the lawsuit against the Elks is dismissed, any action against LIGA is prescribed.
For the above stated reasons, the trial court's judgment in favor of the plaintiff is reversed.
REVERSED.

REHEARING DENIED
PER CURIAM.
In its application for a rehearing, appellee refutes our finding that the record contained no evidence that NEISA insured riders or members of Elks, directing our attention to a pre-trial stipulation which states in pertinent part "Second, with respect to the insurance, on March 3, 1987 the Defendant and the riders are insured by New England International Surety of America, Inc. for the damage alleged in the suit...."
Appellee is correct. The fact remains, however, that NEISA was not named a defendant until March 4, 1988, more than a year after the accident. In the absence of a solidarily liable codefendant, the action against NEISA (LIGA) is prescribed. See La.Civ.Code art. 1799; State v. Jones, 572 So.2d 769 (La.App. 4 Cir.1990).
Rehearing is denied.