SCHOTT, Chief Judge.
Defendant was charged with possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967. After a trial by jury he was convicted of possession of cocaine. He was sentenced under the Habitual Offender Law, R.S. 15:529.1, to five years at hard labor.
We have examined the record for errors patent and find none.
Based upon information furnished by a confidential informant of drug dealing in the Magnolia Housing Project in New Orleans police set up a surveillance at the corner of Louisiana Avenue and South Robertson. Using binoculars they observed what appeared to be two day drug transactions in which the defendant exchanged objects from a black pouch for money. As the police moved in to arrest defendant he discarded the pouch. The officers retrieved it and found twenty-five packets of cocaine inside. After arresting defendant they patted him down and found a .45 caliber pistol.
Defendant was charged not only with cocaine possession with intent to distribute but also with being a convicted felon in possession of a firearm under R.S. 14:95.1. He was previously tried on the firearm charge and acquitted by that jury. By her sole assignment of error defendant’s counsel contends that the present prosecution is barred by principles of double jeopardy and collateral estoppel.
As to defendant’s double jeopardy argument the court in State v. Vaughn, 431 So.2d 763 (La.1983) held that defendant could not be prosecuted for malfeasance because the same conduct supported a previous conviction for theft. The court made *1256 these pertinent pronouncements: When a defendant is charged with separate offenses they need not be identical in elements or in actual proof to present a jeopardy problem. The principle of double jeopardy protects a defendant not only from prosecution a second time on the same offense but also from double punishments for the same criminal conduct.
Applying these principles to the instant case we readily concluded that defendant’s argument has no merit. The conduct for which defendant was previously acquitted consisted of his being in possession of a firearm as a convicted felon. The criminal conduct for which he was charged in the instant case consisted of his being in possession of cocaine with the intent to distribute it. The evidence required to convict is different for each offense.
Defendant’s collateral estoppel argument is based upon State v. Blache, 480 So.2d 304 (La.1985) and the United States Supreme Court cases cited and discussed therein. In Blache the court applied the doctrine to a prosecution for attempted second degree murder after the defendant had been acquitted for possession of a firearm by a convicted felon. The facts of the case were that while defendant, a convicted felon, was being attacked by a gang of youths he ran into his father’s house, got his brother-in-law’s loaded shotgun, and came outside shooting at the youths. The court reasoned that justification was the only litigated factual or legal issue in the first case, the firearm possession case, and the jury’s acquittal of defendant on that issue foreclosed from consideration the issue of self defense or defense of others which the state would have to disprove in the second case. In other words, the court found that trial of the attempted second degree murder charge would involve relitigation by the same parties of the very same issue of ultimate fact which was already determined in the first case and the court concluded that this was proscribed by the doctrine of collateral estoppel as explained in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
In the instant case there is no single issue of ultimate fact which would dispose of both charges. In the first case it appears that the jury was not convinced beyond a reasonable doubt that defendant was carrying the weapon when he was arrested. This does not dispose of or resolve the key issue in the second case as to whether he was in possession of the cocaine he was seen discarding. We have concluded that this assignment has no merit.
Defendant has assigned a number of errors pro se which are discussed in an unpublished appendix to this opinion.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.