ARMSTRONG, Judge.
On November 2, 1983, defendant, Andy Smith, was charged by bill of information with possession of a firearm by a convicted *404 felon, a violation of La.R.S. 14:95.1, and possession with intent to distribute pentazocine, a violation of La.R.S. 40:967. On May 15, 1984 defendant was tried for the violation of R.S. 14:95.1. A mistrial was declared after the jury declared it could not reach a decision. On November 26, 1984 defendant was again tried on this same charge. A second mistrial was declared after a juror notified the court that she knew the defendant’s wife. On October 15, 1985 the defendant was tried a third time for the violation of R.S. 14:95.1. This time a jury returned a verdict of not guilty. One year later the defendant filed a motion to quash the information charging the violation of R.S. 40:967, arguing that the State was collaterally estopped from prosecuting him on this charge. The trial court granted defendant’s motion and the State now appeals.
The facts show that on October 7, 1983 police officers executed a search warrant at a Chef Menteur Highway motel room. At the trial on the weapon charge the officers testified that defendant entered the room after the search began and was frisked. The frisk revealed a handgun concealed in the waistband of defendant’s pants. A search of defendant's car, parked outside of the motel room, revealed no additional contraband.
The defendant and four other defense witnesses testified that the defendant had not been in the motel room when he was arrested. They stated that as the defendant drove up police approached him, searched his automobile, and after discovering a handgun under the front seat, arrested him. Defendant and his wife testified that the automobile belonged to both of them and that the handgun belonged to the wife. She claimed that she had used the vehicle the previous evening and had left her handgun, which she carried for personal protection, underneath the front seat. Defendant further denied any knowledge that the weapon was in the car. No evidence was introduced concerning the pentazocine.
On appeal the State argues that the trial court erred in concluding that it is collaterally estopped from prosecuting the defendant on the drug charge. We agree.
The doctrine of collateral estoppel is rooted in the Fifth Amendment’s guarantee against double jeopardy. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Blache, 480 So.2d 304 (La.1985). The U.S. Supreme Court explained the concept in Ashe, supra, as follows:
“ ‘Collateral estoppel’ is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when a issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.”
The court went on to suggest guidelines for a court to follow when, as in the case at bar, a previous judgment of acquittal was based upon a general verdict. In such cases a court should:
“ ‘[Ejxamine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other revelant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.’ ” Ashe v. Swenson, 397 U.S. at 444, 90 S.Ct. at 1194.
In the memorandum on his motion to quash, defendant simply states that the issue of ultimate fact which a second jury would be required to resolve at a trial on the drug charge, “whether the defendant was in possession of contraband,” has already been determined by the first jury in the negative. Defendant paints his picture of the “ultimate issue of fact” with too broad a stroke.
Considering all of the relevant evidence and documents contained in the record, it appears that the jury acquitted the defendant because it found as a fact that the handgun found underneath the front seat of the car belonged to the defendant's wife, and he had no knowledge of its presence. Even if at a trial on the possession with intent to distribute pentazocine charge, a *405 jury were to similarly find that pentazocine found underneath the front seat of the car belonged to defendant’s wife, there still would not have been a relitigation of an ultimate issue of fact because there are two different and distinct objects of contraband involved. The doctrine of collateral estoppel does not operate to preclude the State from trying the defendant on the violation of La.R.S. 40:967, possession of pentazocine with intent to distribute.
For the foregoing reasons we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED.