PLOTKIN, Judge.
Defendant Romel Massey appeals his conviction and sentence for attempted possession of a firearm by a convicted felon, in violation of R.S. 14:95.1. After reviewing the record and considering his claims, we affirm.
FACTS:
On the evening of August 22, 1989, while on patrol in a marked police car, officers Scanlon and Watzke saw defendant crossing the street at the intersection of General Ogden and Willow Streets with a gun in his hand. They turned the spotlight of their car on the defendant as he approached a green truck. They pulled up behind this truck, got out and told the defendant to stop. The defendant continued until he reached the truck. He then dropped the gun inside the cab and turned to face the officers. Officer Scanlon searched the defendant, while Officer Watzke retrieved the gun from the seat of the truck. They then arrested the defendant for being a convicted felon in possession of a firearm. Addi *890 tionally, the officers found $657 on the defendant. As they were arresting the defendant, the defendant’s girlfriend, Donna Harrison, arrived. She claimed that the gun belonged to her, not the defendant.
Donna Harrison, Paul Williams and Blanche Rollins, all of whom witnessed the arrest, testified for the defense, as did defendant. According to their testimony, the truck had broken down in the area of the arrest a little earlier in the evening, while Donna Harrison was driving it. Paul Williams and another man, called “Little Boy,” had pushed the car to the side of the road, in aid of Ms. Harrison. Ms. Harrison then called the defendant to come and see what was wrong with the truck. Subsequently, the defendant was walking over to the truck when stopped by the police, the defense witnesses stated.
According to the testimony of the defense witnesses, the police took the keys to the truck from the defendant, opened the truck and the glove compartment, where they found the gun and an envelope containing about $1,700. Ms. Harrison claimed ownership of the gun, and showed the police papers evidencing her ownership. As to the $1,700, the defendant claims to have sold his car earlier that day, for $2,000 to Mark Mimms. He claims to have given the money to Ms. Harrison, who had gone to the grocery store and spent about $300 of it, when the police seized the remainder, the defense witnesses stated. Mark Mimms corroborated the fact that he had given the defendant $2000 for his car that day; however, he had no receipt or ownership papers to verify this at trial. The police thus allegedly took some of this money. Additionally, according to defense witnesses, the defendant was not carrying a gun when the police stopped him.
On October 11, 1989, the defendant was charged by bill of information with possession of a firearm by a convicted felon, in violation of R.S. 14:95.1. He was tried by jury on April 30, 1990, and found guilty of attempted possession of a firearm by a convicted felon. He was sentenced to five years at hard labor with credit for time served without benefit of parole, probation or suspension of sentence. The sentence was to run consecutively with all other sentences. Court costs were waived. Additionally, the defendant was ordered to pay a $1,000 fine.
ERRORS PATENT:
A review of the record for errors patent reveals none.
DOUBLE JEOPARDY and COLLATERAL ESTOPPEL:
The defense contends that the trial court erred in denying its motion to quash the bill of information based upon double jeopardy and collateral estoppel.
At the same time that the defendant was arrested for possession of a firearm by a convicted felon, the charge at issue in this case, he was also arrested for possession of cocaine. He was tried on the possession of cocaine charge prior to being tried on the possession of a firearm by a convicted felon charge and found not guilty. The defense filed a motion to quash the bill of information on the possession of a firearm charge contending trying him for possession of a firearm when he had already been found not guilty of possession of cocaine would place him in double jeopardy. The defense also contends that the State should be collaterally estopped from pursuing the possession of a firearm charge because the ultimate issue of fact in the possession of cocaine charge was the same one at issue in the firearm charge, that is, whether the cocaine and firearm found in the truck were in the defendant’s possession.
The defense has provided this court with the transcript of the trial on the possession of cocaine charge. The same witnesses who testified in that trial testified in the trial in the present case for possession of a firearm by a convicted felon. The police officers in the first trial testified that, after they saw the defendant crossing the street with a gun in his hand, they stopped him. He turned toward them with his hands in his pockets. One of the officers saw a matchbox in one of his hands. The defendant then placed the hand containing the matchbox in the bed of the truck. When the officers searched the bed of the truck, *891 they found the matchbox, which contained cocaine.
Defense witnesses, Ms. Harrison and Williams, testified that they did not see the police with the matchbox, and that the police said that they were arresting the defendant for being a convicted felon in possession of a firearm, not for anything else. The defendant denied possessing any drugs. He said that the police told him they were arresting him on a firearms charge, not on a drug charge. He said that he knew nothing about being charged with possession of cocaine until he got to the police station.
This court addressed a double jeopardy argument in State v. Reese, 544 So.2d 1254 (La.App. 4th Cir.), writ denied 550 So.2d 627 (La.1989), which involved facts similar to those presented in this case. In Reese, the police observed the defendant participate in what they believed to be two drug transactions. The defendant exchanged some objects from a black pouch for money. When the police approached, the defendant discarded the pouch. The officers picked up the pouch and found twenty-five packets of cocaine in it. In the course of arresting the defendant, they found a gun on him.
The defendant in Reese was charged with possession of a firearm by a convicted felon and with possession of cocaine with intent to distribute. He was tried first on the firearms charge and found not guilty. He was subsequently found guilty of the cocaine charge. On appeal from the cocaine conviction, the defendant argued that the trial court should not have allowed the State to go forward with the prosecution of the cocaine charge, based upon double jeopardy and collateral estoppel.
This court found the double jeopardy argument to be without merit because the evidence required to convict the defendant on each offense was different.
This court also found that collateral es-toppel did not apply. It found that there was no single issue of ultimate fact which would resolve both charges. It said that, in the first case, it appeared that the jury was not convinced that the defendant was carrying the weapon at issue. However, it found that the jury’s resolution of this issue in the first case did not dispose of the key issue in the second case — whether the defendant was in possession of the cocaine he was seen discarding.
This court also addressed the applicability of the doctrine of collateral estoppel in another case with facts similar to those presented in this case in State v. Smith, 557 So.2d 403 (La.App. 4th Cir.1990). In Smith, the defendant entered a room as the police were executing a search warrant. They frisked the defendant and found a handgun. They went outside and searched the car he had been driving and found pentazocine under the front seat. The defendant was charged with possession of a firearm by a convicted felon and with possession with intent to distribute pentazo-cine.
Smith was first tried on the firearms charge and found not guilty. At that trial, the defense witnesses testified that the defendant was not in the room when the search warrant was executed; that, instead, as the defendant drove up, the police approached him and searched his car, where they found the gun. The defendant’s wife testified that the car belonged to both her and the defendant, but that the gun belonged to her. No evidence was presented in the firearm trial regarding pentazocine.
The defense in the pentazocine case argued that the State was collaterally es-topped from prosecuting the defendant on the pentazocine charge because the jury in the first case had already resolved the ultimate issue of fact, which was whether the defendant was in possession of contraband. Thus, the issue could not be relitigated.
This court rejected the defendant’s argument. It found that the jury in the first case found the defendant not guilty on the firearm charge because it found that the gun belonged to the defendant’s wife, not to the defendant. It then noted, however, that “[ejven if at a trial on the possession with intent to distribute pentazocine charge, a jury were to similarly find that pentazocine found underneath the front *892 seat of the car belonged to defendant’s wife, there still would not have been a relitigation of an ultimate issue of fact because there are two different and distinct objects of contraband involved.” Id. at 404-05. Thus, the court concluded that the doctrine of collateral estoppel did not preclude the defendant from being tried on the pentazocine charge.
In this case, the defendant was first tried for possession of cocaine and found not guilty. The defendant was then tried for possession of a firearm by a convicted felon and found guilty. The doctrine of double jeopardy does not apply because the elements of proof of each of the two charges are different as they were in Reese. The doctrine of collateral estoppel is likewise inapplicable because the ultimate issue of fact resolved in the first trial, that the defendant was not in possession of cocaine, does not resolve the ultimate issue of fact in this case of whether the defendant was in possession of a firearm. Thus, this assignment of error is without merit.
SENTENCE:
The defendant was found guilty of attempted possession of a firearm by a convicted felon and sentenced to five years at hard labor without benefit of probation, parole or suspension of sentence and to pay a $1,000 dollar fine. After he was sentenced, the defendant was found to be indigent, and an attorney was appointed to represent him on appeal.
The defense contends that the sentence is excessive because it requires the indigent defendant to pay a fine. LSA-R.S. 14:95.1 requires a defendant convicted of this offense to pay a fine. A sentence that requires an indigent defendant to spend additional time in jail if he fails to pay a fine is excessive. State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990). Additional jail time in lieu of payment of a fine is not a condition of the sentence at issue. The defense failed to cite any cases to support the contention that the mere imposition of a fine, without requiring the defendant to spend time in jail in default thereof, is excessive. This assignment of error is without merit.
CONCLUSION:
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.