653 So.2d 57 (1995)
STATE of Louisiana,
v.
Roy WARNER.
No. 94-K-2649.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
Writ Denied May 19, 1995.
*58 Harry F. Connick, Dist. Atty., Joseph Raymond McMahon, Asst. Dist. Atty., Kelly O'Hara, Law Clerk, New Orleans, for relator.
Gerald J. Leydecker, O.I.D.P., New Orleans, for respondent.
Before SCHOTT, C.J., and WALTZER AND LANDRIEU, JJ.
WALTZER, Judge.
On the application of the State of Louisiana, we grant certiorari in order to consider the validity of the trial court's judgment granting defendant's motion to quash.
We are called upon to decide whether the prosecution is prohibited under the double jeopardy clause from prosecuting the defendant for a violation of La.R.S. 40:967(C), relative to possession of cocaine, although this allegation formed an integral part of the felony violation of La.R.S. 14:95(E) relative to "possession of a firearm ... while in possession... of a controlled dangerous substance" to which the defendant plead guilty.
We hold that the State is precluded from going forward with the subsequent prosecution for possession of cocaine.
BACKGROUND FACTS
On 4 October 1994, the defendant was arrested for possession of a .45 calibre pistol and possession of crack cocaine. On 2 November 1994, the State alleged in Bill of Information # 372-867 that the defendant on 4 October 1994 possessed a dangerous weapon, to wit: a handgun, while in possession of a controlled dangerous substance, to wit cocaine. (Emphasis supplied). On 8 November 1994, the defendant waived all his constitutional rights and plead guilty to that charge and was sentenced. Simultaneously with the filing of Bill of Information # 372-867 the State filed Bill of Information # 372-872, charging that the defendant on 4 October 1994 willfully and intentionally possessed a controlled dangerous substance, to wit: Cocaine (crack). This charge was transferred from Section "J" to Section "H" of Criminal District Court under the rules of court to follow case # 372-867. On 7 December 1994, a motion to quash Bill of Information #372-872 was filed alleging that the cocaine charge had been subsumed in the prosecution and plea in case # 372-867 and, therefore, ought to be prohibited under the double jeopardy clause. The trial court agreed and granted the motion to quash on the basis of double jeopardy. This writ of *59 certiorari followed on the application of the state.
THE LAW
La.C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial as to the charge in the second trial; or
(2) Based on part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Both the Fifth Amendment to the United States Constitution and Art. 1, Section 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and also to protect an accused against multiple punishment for the same conduct. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Vaughn, 431 So.2d 763 (La.1983). It is well settled law that double jeopardy bars conviction for both felony murder and the underlying felony. State v. Smith, 600 So.2d 919 (La.App. 4th Cir.1992), writ denied 625 So.2d 1031 (La.1993); State v. Rogers, 462 So.2d 684 (La.App. 4th Cir.1984), writ denied, 478 So.2d 899 (La.1985). In these cases the evidence required to support a finding of guilt of the first crime would also have supported a conviction for the other, thus the two are the same under a plea of double jeopardy, and the defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for a conviction, not all the evidence introduced at trial. State v. Powell, 598 So.2d 454, 469 (La.App. 2nd Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
La.C.Cr.P. art. 596 speaks of double jeopardy in terms of a second prosecution for the same offense, but its provisions also protect an accused from multiple punishments for the same criminal conduct. State v. Vaughn, supra. In Vaughn the defendant was convicted of theft and malfeasance in office during the same trial and under duplicate bills of information. Our Supreme Court found that the guarantee against double jeopardy had been violated, since conduct which formed the basis of the malfeasance charge was the same conduct proven during the jury trial on the theft charge.
APPLICABLE TESTS UNDER DOUBLE JEOPARDY[1]
a) The Blockburger Test
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) the U.S. Supreme Court established the distinct fact test:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. 284 U.S. at 304, 52 S.Ct. at 182.
This rule is constitutionally required of the states. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Knowles, 392 So.2d 651 (La.1980), writ granted, release ordered, 395 So.2d 678 (La.1981). The Blockburger test has nothing to do with the evidence presented at trial. It is concerned *60 solely with the statutory elements of the offense charged.
b) The Same Evidence Test
Louisiana uses both the Blockburger test and the "same evidence test". State v. Hayes, 412 So.2d 1323, 1325 (La.1982). When a defendant is charged with separate statutory crimes the crimes need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. State v. Hayes, supra. Louisiana has followed a form of the "same evidence" rule, as stated in State v. Roberts, 152 La. 283, 286, 93 So. 95, 96 (La.1922) as follows:
(I)dentity of the offenses is an essential element in support of a plea of autre fois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first.
The "same evidence test" is used in Louisiana. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (La.1972); State v. Didier, 263 So.2d 322, 326 (La.1972). If the evidence required to support a finding of guilt of one crime would also have supported conviction of another, the two are the same offense and support a plea of double jeopardy. The defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. The "same evidence test" is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of criminal conduct. The issue under the "same evidence test" is whether the evidence required to support a conviction of one crime would also have supported a conviction of the other crime. If so, then convictions violate double jeopardy. State v. Steele, 387 So.2d 1175, 1177 (La.1980); State v. Smith, 94-0621 (12/15/94 La.App. 4 Cir.), 647 So.2d 1321.
c) Collateral Estoppel
In the line of cases which claim "collateral estoppel" the succeeding prosecution usually follows an acquittal or conviction on the first charge, and an allegation that the "ultimate fact to determined" was laid to rest in the first prosecution. In State v. Massey, 599 So.2d 889 (La.App. 4th Cir.1992), defendant was convicted of the crime of attempted possession of a firearm by a convicted felon. In a subsequent prosecution for possession of cocaine, he alleged that the "ultimate fact" of the possession of cocaine charge was the same one at issue in the possession of the firearm charge, i.e. the ultimate issue to be determined, according to Massey was, whether the cocaine and the firearm found in the trunk were in the defendant's possession. The argument of double jeopardy and collateral estoppel was found to be without merit because the evidence required to convict the defendant on each offense was different. Collateral estoppel did not apply. There was no single issue of ultimate fact which would resolve both charges. See in accord State v. Smith, 557 So.2d 403 (La.App. 4th Cir.1990). The doctrine of collateral estoppel does not bar prosecution for perjury, when the defendant was acquitted on a murder charge during which he allegedly lied. State v. Bolden, 93-1933 (7/5/94), 639 So.2d 721, certiorari denied ___ U.S. ___, 115 S.Ct. 724, 130 L.Ed.2d 629 (1995).
APPLICATION OF DOUBLE JEOPARDY TO WARNER'S CASE
The defendant plead guilty under the following statute:
Section 95. Illegal carrying of weapons.
A. Illegal carrying of weapons is:

* * * * * *
E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of acontrolled dangerous substance the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less *61 than twenty years nor more than thirty years. (emphasis supplied).
The 1992 legislature, Act. # 1017, Sect. 1, added section (E) to La.R.S. 14:95 as new material. This was "an act to amend and reenact La.R.S. 14:95(E) and (F) and to enact La.R.S. 14:95(G), relative to crime; to increase the penalty for use of a weapon or firearm in connection with the commission of specified crimes; and to provide for related matters." Section (E) was amended in 1994 by Act # 143 of the Third Executive Session to insert "possesses, or has under his immediate control" to the requirement of "use" of a firearm while committing or attempting to commit a crime of violence or while in possession of, or during sale or distribution of a controlled dangerous substance. Act # 143 was entitled, "An Act to amend and reenact R.S. 14:95(E), relative to the use or possession of a firearm while committing another offense; to provide with respect to penalties; and to provide for related matters."
Turning to the statute under consideration, conviction for a violation of La.R.S. 14:95 Section (A)(1), (2), (3), (4), and (5a), subjects the offender to a five hundred dollar fine, or imprisonment for not more than six months, a misdemeanor penalty. Section (E) of R.S. 14:95 elevates the use, possession or constructive possession of a dangerous weapon along with certain enumerated attempted or completed felonies, among them possession of cocaine, to a felony charge subjecting the defendant to a potential fine of not more than ten thousand dollars and imprisonment at hard labor for not less than five nor more than ten years.
The underlying felony enumerated in La. R.S. 14:95(E) and separately charged by the State under R.S. 40:967(C) is defined as follows:
(C) Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.

* * * * * *
(2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.
When the gravamen of the second offense is essentially included within the offense for which the defendant was first tried, the second prosecution is barred because of former jeopardy. State v. Buckley, 344 So. 2d980 (La.1977). Under the Blockburger analysis, the elements of La.R.S. 40:967(C) are clearly subsumed into the provisions of La.R.S. 14:95(E) in its entirety. Thus, when the defendant plead guilty to having violated La.R.S. 14:95(E) he admitted his guilt to possession of cocaine. Additionally, the very bootstrap which converted a misdemeanor into a felony (with a much more severe sentencing scheme than that for the possession of cocaine charge) required the use of the same evidence as would the impermissibly charged second offense. Constitutional and statutory prohibitions protect the defendant from punishment for the La.R.S. 14:95(E) charge and subsequent punishment for the cocaine charge.
CONCLUSION
While we were unable to obtain transcripts of legislative hearings establishing the intent of the legislature when La.R.S. 14:95 was amended to add Section (E) to its scheme, there are many practical considerations underlying a law that clearly recognizes the danger and proliferation of guns in the commission of violent or attempted violent offenses or during the commission of drug offenses. Dangerous weapons are the tools of trade in the illegal drug business. Additionally, the penalty of the combined drug-gun charge has a greater penalty. Conviction of the charge of La.R.S. 14:95(E) permits the introduction of weapons in one trial, without running the risk of a mistrial, because a trial on the cocaine charge alone would not permit the introduction of the gun, *62 given the prohibition against introduction of evidence of other crimes. Additionally, a prosecution for the gun charge alone would require proof of "concealment", which Section (E) does not require. Possessors of guns that may have openly displayed a weapon during an arrest would elude successful prosecution because the weapon was not "concealed", while Section (E) allows a potentially successful prosecution for mere "use", "possession" or even "constructive possession" of a dangerous weapon along with an enumerated felony. None of the other parts of La.R.S. 14:95 speak of possession of a dangerous weapon under the "immediate control" of the defendant. A weapon found underneath a bed or accessible in a closet close to the defendant may fulfill the requirements of Section E, so long as there was an attempted or completed drug violation accompanied by the "possession" of a weapon.
While La.R.S. 14:95(E) brings facility to prosecutions as above outlined, it would punish Warner more than once for the same offense were the State permitted to proceed with the cocaine prosecution. Federal and state constitutions provide that no person should be punished more than once for the same offense and that no one should be harassed by successive prosecutions for a single wrongful act. There must be closure once a defendant has been convicted or acquitted of a particular crime. Here, the defendant plead guilty admitting his culpability to the possession of a weapon AND possession of cocaine. The separate Bill of Information charged the defendant with possession of cocaine; this charge stemmed from the same arrest and is provable by the same evidence.
Accordingly, the trial court's grant of defendant's motion to quash is affirmed.
AFFIRMED.
NOTES
[1] Two double jeopardy tests that are not used in Louisiana are the same transaction test and the same conduct test. Apparently Louisiana has never applied the "same transaction test". This test would prohibit on double jeopardy grounds prosecutions for different crimes committed during one sequential, continuing course of conduct. See, City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975). The United States Supreme Court has recently expanded its jeopardy analysis to include not only the Blockburger test but the "same conduct" test. See, Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The United States Supreme Court overruled Grady in United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In Dixon, the Supreme Court reaffirmed the test enunciated in Blockburger, supra for determination whether double jeopardy barred the prosecution of multiple charges. Because Louisiana applies the broader test, the rule of Corbin does not affect our analysis.