MAX N. TOBIAS, JR., Judge.
LThe Supreme Court of Louisiana has remanded the appeal of the defendant, Dion P. Simmons (“Simmons”), for consid *745 eration of Simmons’ remaining assignment of error not addressed and pretermitted in our original opinion in State v. Simmons, 10-1508 (La.App. 4 Cir. 5/18/11), 67 So.3d 525. See State v. Simmons, 11-1280 (La.1/20/12), 78 So.3d 743. The facts relating to this matter are addressed in both this court’s original opinion and the Supreme Court’s opinion; we do not repeat them here.
In remaining unaddressed assignment of error, Simmons urged that:
Then trial court erred in not granting a new trial when the officer testifying to having located a packet of crack cocaine “dropped” by Dion Simmons has now been indicted by a federal grand jury for not only falsifying a police report regarding the vicious beating of a suspect by his partner, but also for making “materially false statements and representations” to FBI agents investigating the death of the suspect. Dion Simmons was denied Due Process because the critical impeachment evidence was not disclosed to the defense despite request, impacting the trial process and undermining confidence in the verdict.
This assignment of error essentially asserts that the district court erred by denying a new trial based upon newly discovered evidence, involving the 29 July 1 g2010 federal indictment of Officer Moore of the New Orleans Police Department (“NOPD”).[1] Although the indictment occurred after his trial, Simmons urges that he should have been apprised of the ongoing federal investigation.
La.C.Cr.P. art. 851 provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty....
In order to obtain a new trial based on newly discovered evidence, the defendant must show: (1) the new evidence was discovered after trial; (2) the failure to discover the evidence at the time of trial was not due to the defendant’s lack of diligence; (3) the evidence is material to the issues at trial; and (4) the evidence is of such a nature that it would probably have changed the verdict of guilty. La. C.Cr.P. art. 851(3); State v. Brisban, 00-3437, p. 12 (La.2/26/02), 809 So.2d 923, 931. A trial court assessing the legal merits of a motion for new trial is given considerable latitude in evaluating the reliability of the evidence and its impact on the verdict. State v. Brooks, 98-0693, p. 12 (La.App. 4 Cir. 7/21/99), 758 So.2d 814, 821. A trial court has much discretion in ruling on a motion for new trial. State v. Cureaux, 98-0097, p. 4 (La.App. 4 Cir. 5/26/99), 736 So.2d ls318, 321. Review of the trial court’s ruling is limited to determining whether the trial court abused its discretion. State v. Labran, 97-2614, p. 6 (La. App. 4 Cir. 5/26/99), 737 So.2d 903, 907.
Simmons urges that the state was less than candid about the ongoing federal in *746 vestigation against Officer Moore as evidenced by the motion in limine made by the state just prior to trial; the state moved to prevent any mention of police conduct not related to this case, including any federal investigations. The state noted on the record that it had no intention of bringing up any police misconduct regarding the officers. Simmons now contests the credibility of Officer Moore, arguing that his conviction rests solely on the testimony of Officer Moore and that the evidence not divulged by the state seriously undermines the officer’s credibility. Notably, it is arguable whether Simmons has shown that the reputation evidence was not discoverable either before or during trial as required by La.C.Cr.P. art. 851(3).
La. C.E. art. 609.1 B states, “Generally, only offenses for which the witness has been convicted are admissible upon the issue of credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, a prosecution, or an acquittal.”
Under La. C.E. art. 608, reputation evidence to attack or support a witness’s credibility is limited to references to the witness’s character for truthfulness or untruthfulness. However, as noted in C.E. art. 608 B: “Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than | ^conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.”
Although only convictions can be used to impeach credibility as a general rule, many cases have held that possible or ongoing prosecutions that have not resulted in a conviction can be used to show bias or interest under La. C.E. art. 607 D(l).[2] As stated in State v. Vale, 95-1230, 95-0577, p. 4 (La.1/26/96), 666 So.2d 1070, 1072:
This court granted certiorari because the trial court’s ruling [prohibiting the defense from cross-examining the witness about a pending charge], affirmed by the court of appeal, conflicted with numerous decisions by this court that to the extent exposure of a witness’s motivation is a proper and important function of the constitutionally protected right of cross-examination, a witness’s “hope or knowledge that he will receive leniency from the state is highly relevant to establish his bias or interest.” State v. Brady, 381 So.2d 819, 822 (La. 1980) (collecting cases); see also State v. Nash, 475 So.2d 752, 755-56 (La.1985). A witness’s bias or interest may arise from arrests or pending criminal charges, or the prospect of prosecution, even when he has made no agreements with the state regarding his conduct. Id.
Thus, alleged criminal conduct which has not resulted in a conviction may be elicited from a witness at trial to show bias or interest.
In the motion for new trial, Simmons suggests that Officer Moore was motivated to give favorable testimony to avoid harsh disciplinary proceedings or to ^obtain job security. However the record on appeal discloses no testimony given by Officer Moore that could have been directly im *747 peached by extrinsic evidence of the alleged investigation against him.
For example, in State v. Cureaux, 93-0838 (La.App. 4 Cir. 10/27/94), 645 So.2d 1215, we held that the defendant could impeach Officer Taylor’s testimony that he had been a police officer for four years with extrinsic evidence that the officer had been suspended for some sixteen months. In State v. Hollins, 97-627 (La.App. 5 Cir. 11/25/97), 704 So.2d 307, the court found that evidence of an officer’s suspension was inadmissible for impeachment purposes because it did not involve a conviction. In a footnote, the court noted that had the officer testified at trial that he was an employee in good standing with the sheriffs office, then the defendant could have impeached him with extrinsic evidence that he had in fact been suspended. Also see State v. Thompson, 08-0874 (La. App. 4 Cir. 4/8/09), 10 So.3d 851, writ denied, 09-1044 (La.1/29/10), 25 So.3d 827 (where this court held that the trial court properly granted the state’s motion in li-mine because evidence that the officer was the subject of a pending conduct investigation regarding the officer’s alleged participation in a battery incident was not admissible as evidence of interest or bias to impeach the officer’s testimony in an unrelated prosecution for possession of cocaine).
Here, Officer Moore’s testimony was supported by the physical evidence and was significantly corroborated by NOPD Officer Gray’s testimony. Importantly, the evidence of the pending federal investigation against Officer Moore would not have been admissible at trial. In addition, this reputation evidence could probably have been discovered by the exercise of due diligence Rprior to appellant’s trial. As such, the district court did not abuse its discretion by denying the motion for new trial. The assignment of error is without merit.
For the foregoing reasons and the reasons assigned in our former opinion, as modified by the Supreme Court’s opinion, we affirm the conviction and sentence of Dion P. Simmons.
AFFIRMED.

. The incident surrounds the beating death of Raymond Robair by NOPD Officer Williams and the subsequent cover-up by NOPD Officers Moore and Williams.

. La. C.E. art. 607 D, in pertinent part, provides for the introduction of evidence for impeachment purposes:
Attacking credibility extrinsically. Except as otherwise provided by legislation:
(1) Evidence to show a witness' bias, interest, corruption, or defect of capacity is admissible to attack the credibility of a witness.