ROLAND L. BELSOME, Judge.
hThe defendant, Richard Mills, appeals his convictions for possession of cocaine and possession of drug paraphernalia *804 (third offense), along with his multiple offender sentence. We affirm the defendant’s conviction for possession of cocaine, as well as his multiple offender sentence. We reverse the defendant’s conviction for third offense possession of drug paraphernalia.

PROCEDURAL HISTORY

The defendant was charged by bill of information with one count of possession of cocaine in violation of La. R.S. 40:967(C) and one count of possession of drug paraphernalia (third offense) in violation of La. R.S. 40:1025(C). The defendant pled not guilty to both counts at arraignment. After a jury trial, the defendant was found guilty as charged on both counts. The trial court denied the defendant’s motions for new trial and post-verdict judgment of acquittal, and sentenced the defendant to serve five years at hard labor on the charge for possession of cocaine and five years at hard labor on the charge for possession of drug paraphilia. Both sentences were to be served concurrently, with | credit for time served. The State filed a multiple bill of information, alleging the defendant to be a second felony offender. The defendant pled guilty to the multiple bill. The trial court vacated the sentence imposed on the conviction for possession of cocaine and re-sentenced the defendant to ten years at hard labor with credit for time served.
This appeal followed.

STATEMENT OF FACT

On December 14, 2010, while on patrol, New Orleans Police Officers Glen Buckel and Steve Gaudet observed the defendant, near the intersection of Saratoga and Clio Streets. After seeing the officers, the defendant became startled and dropped a glass tube. Officer Buckel observed that the object was a pipe and heard it break into two pieces. Based upon these observations, he believed that the defendant had discarded some type of contraband so he exited his vehicle and retrieved the pipe. The object was consistent with a crack pipe: burnt at both ends with burnt copper mesh inside. Both officers believed that the pipe contained residual contraband in it. After Officer Buckel retrieved the pipe, the defendant was placed under arrest for possession of drug paraphernalia. In a search incident to the arrest, a white rock wrapped in plastic was recovered from the defendant. The rock-like object field tested positive for cocaine.
John Palm, a criminalist with the New Orleans Police Department Crime Lab, testified that he tested the glass tube for cocaine, and it tested positive. He also tested the rock-like substance, but it tested negative for illegal narcotics. Palm ^testified that it is possible, but not probable, that another part of the rock would test positive for cocaine.[1]

ERRORS PATENT

A review of the record for errors patent reveals that the trial court failed to wait for the legal delays after denying the defendant’s motion for new trial before imposing sentence. La. C.Cr.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in *805 this article or pleads guilty, sentence maybe imposed immediately.
In the present case, the trial court asked the defendant if he was ready for sentencing, and defense counsel responded in the affirmative. By virtue of the defense counsel’s statement, defendant announced his readiness for sentencing, which implicitly waived the waiting period. See State v. Robichaux, 00-1234, p. 7 (La.App. 4 Cir. 3/14/01), 788 So.2d 458, 465.

DISCUSSION

In this appeal, the defendant asserts four assignments of error, two counseled and two pro se: 1) the defendant’s right against double jeopardy was violated; 2) the defendant’s right to present a defense was violated; 3) the trial court imposed an unconstitutionally excessive sentence; and 4) counsel was ineffective for failing to object to the sentence as unconstitutionally excessive.
[4In his first counseled assignment of error, the defendant argues that his conviction for both possession of cocaine and possession of drug paraphernalia violates the defendant’s right against double jeopardy. We agree.
The Double Jeopardy Clause protects defendants from being punished or prosecuted twice for the same offense. U.S. Const, amend. V; La. Const, art. I, § 15; and La.C.Cr.P. art. 591. La.C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in the trial is:
1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
2) Based on a part of a continuous offense for which the defendant was in jeopardy in the first trial.
The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense, and also to protect a person against multiple punishments for the same conduct. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), rev’d on other grounds; State v. Vaughn, 431 So.2d 763 (La.1983). Louisiana has used both the “Blockburger test” and the “same evidence test” to determine if double jeopardy exists. La.C.Cr.P. art. 596; State v. Vaughn, supra.
The “Blockburger test” was established by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in which the Court stated:
The applicable rule is that where the same act or transaction constitutes violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
|sOn the other hand, the “same evidence test”, adopted and explained in State v. Steele, 387 So.2d 1175 (La.1980), provides that:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for the conviction, not all the evidence introduced at trial ... The “same evidence test” is somewhat broader in concept than Blockburger, the central idea being that one should not be pun *806 ished (or put in jeopardy) twice for the same course of conduct.
Id. at 1177. Thus, double jeopardy offers protection not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. State v. Vaughn, supra; State v. Watson, 97-0358 (La.App. 4 Cir. 1/23/98), 706 So.2d 1044.
The Double Jeopardy Clause, under both the “Bloclcburger” and the “same evidence” tests, prevents an offender from being convicted of both a felony murder and the underlying felony. State ex rel. Adams v. Butler, 558 So.2d 552, 553-554 (La.1990). The rationale which supports that rule is the same as that which prevents an offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself. State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809; State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57.[2]
In the present case, the defendant was convicted of possession of drug paraphernalia, i.e., a crack pipe, and possession of cocaine. The defendant argues that the two convictions are based upon the same evidence, the residual cocaine | (¡found in the glass crack pipe. La. R.S. 40:1023(C) states that it is “unlawful for any person to ... possess with intent to use, any drug paraphernalia, to ... ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this Part.”
La. R.S. 40:1021 provides that “unless the context clearly indicates otherwise, the term ‘drug paraphernalia’ shall mean and include, but not be limited to ... glass ... pipes with or without screens.” La. R.S. 40:1022 sets forth factors to be considered in determining whether an object is drug paraphernalia.
In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other legally relevant factors, the following:
(1) Statements by an owner or by anyone in control of the object concerning its use.
(2) The proximity of the object, in time and space, to a direct violation of the Uniform Controlled Dangerous Substances Law.
(3) The proximity of the object to controlled substances.
(4) The existence of any residue of controlled substances on the object.
(5) Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows or should reasonably know intend to use the object to facilitate a violation of the Uniform Controlled Dangerous Substances Law; the innocence of an owner, or of anyone in control of the object, as to a direct violation of the Uniform Controlled Dangerous Substances Law *807 shall not prevent a finding that the object is intended for use or designed for use as drug paraphernalia.
(6) Instructions, oral or written, provided with the object concerning its use.
(7) Descriptive materials accompanying the object which explain or depict its use.
17(8) National and local advertising concerning its use.
(9)The manner in which the object is displayed for sale.
(10) Direct or circumstantial evidence of the ratio of sales of the object(s) to the total sales of the business enterprise.
(11) The existence and scope of legitimate use for the object in the community.
(12) Expert testimony concerning its use.
Here, the only evidence introduced to aid in determining whether the defendant had possession of the pipe with the intent to use was the evidence of the residual cocaine in the pipe. There was no other testimony presented to show intent.
In State v. McMooain, 95-2103 (La.App. 1 Cir. 9/27/96), 680 So.2d 1370, the State sought to use residual cocaine in a crack pipe as evidence to support the charge of possession of cocaine after the defendant had entered a guilty plea to possession of drug paraphernalia.[3] The First Circuit found that guilty plea to possessing drug paraphernalia precluded the State, on double jeopardy grounds, from prosecuting the defendant for possession of cocaine because the cocaine residue from the pipe was the only evidence to support both the possession of drug paraphernalia charge and the possession of cocaine charge. As in McMooain, use of the same cocaine residue as evidence to support both convictions violates the defendant’s right against double jeopardy.
IsThe State argues that the defendant’s conviction for possession of cocaine is based upon the defendant’s possession of the rock-like object, which tested positive for cocaine in a field test. However, John Palm, the criminalist with the New Orleans Police Department Crime Lab, testified that when he tested the rock-like object, it was negative for all illegal drugs. Mr. Palm further testified that while it is possible, it is not probable, that such an object could test positive on one side and not the other. Such testimony is not sufficient to sustain a conviction for possession of cocaine. The testimony does not reach the standard of beyond a reasonable doubt. Therefore, the only basis for the defendant’s conviction for possession of cocaine would be the residual cocaine found in the crack pipe.
The procedure for remedying a violation of double jeopardy is to vacate the conviction and sentence of the less severely punishable offense, and affirm the conviction and sentence of the more severely punishable. See State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); and State v. Doughty, 379 So.2d 1088 (La.1980). Accordingly, we vacate the defendant’s conviction and sentence for possession of drug paraphernalia, third offense.
*808 In his second counseled assignment of error, the defendant argues that the trial court in not allowing Susan Hutson, the independent police monitor, to testify about complaints made against Officer Gaudet. He further asserts that his right was also inhibited by the trial court’s refusal to allow the defense to introduce Ms. Hutson’s letter/report to the Public Integrity Bureau into the record.
The defendant proffered Ms. Hutson’s testimony along with a letter/report to the PIB. Ms. Hutson would have testified that Officer Gaudet has had ten complaints filed against him from 2005 to 2011, and that she has asked the Public Integrity Bureau (PIB) to determine if the officer needed to be placed in the | ¡performance Improvement Plan. Ms. Hutson would have also testified that she filed a complaint against Officer Gaudet on the defendant’s behalf after receiving a letter from the defendant and that the complaint was open and pending at the time of the trial. She also testified that she requested PIB to consider the officer for participation in a Performance Improvement Program, to determine whether he needed to be reassigned while the complaint is under review, and that he be warned not to retaliate due to the complaint. The complaint was also proffered into the record.
The Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 16 of the Louisiana Constitution guarantee the criminally accused a meaningful opportunity to present a complete defense. State v. Blank, 04-204, p. 49 (La.4/11/07), 955 So.2d 90, 130. Under La. C.E. art. 402, all relevant evidence is admissible, and evidence that is not relevant is not admissible. La. C.E. art. 401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Finally, evidence, although relevant, “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” La. C.E. art. 403; State v. Singleton, 01-1070 (La.App. 4 Cir. 9/25/02), 828 So.2d 1185. A district court judge enjoys broad discretion in admitting or excluding evidence on relevancy grounds. State v. Miles, 402 So.2d 644, 647 (La.1981); State v. Dressner, 08-1366 (La.7/6/10), 45 So.3d 127, 137-38.
Every witness in a criminal case subjects himself to a credibility attack by way of examination of his prior criminal convictions. La. C.E. art. 609.1. | in“Generally, only offenses for which the witness has been convicted are admissible upon the issue of credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, a prosecution, or an acquittal.” Id. Additionally, under La. C.E. art. 608, reputation evidence to attack or support a witness’s credibility is limited to references to the witness’s character for truthfulness or untruthfulness. However, as noted in C.E. art. 608(B): “Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.”
Although only convictions can be used to impeach credibility as a general rule, many cases have held that possible or ongoing prosecutions that have not resulted in a conviction can be used to show bias *809 or interest under La. C.E. art. 607D(1).[4] As stated in State v. Vale, 95-1230, 95-577, p. 4 (La.1/26/96), 666 So.2d 1070, 1072:
This court granted certiorari because the trial court’s ruling [prohibiting the defense from cross-examining the witness about a pending charge], affirmed by the court of appeal, conflicted with numerous decisions by this court that to the extent exposure of a witness’s motivation is a proper and important function of the constitutionally protected right of cross-examination, a witness’s “hope or knowledge that he will receive leniency from the state is highly relevant to establish his bias or interest.” State v. Brady, 381 So.2d 819, 822 (La.1980) (collecting cases); see also State v. Nash, 475 So.2d 752, 755-56 (La.1985). A witness’s bias or interest may arise from arrests or pending criminal charges, or the prospect of prosecution, even when he has made no agreements with the state regarding his conduct. Id.
Thus, alleged criminal conduct which has not resulted in a conviction may be elicited from a witness at trial to show bias or interest.
The defendant argues that when the trial court refused to allow Ms. Hutson to testify, he was denied his right to present a defense regarding his theory that Officer Gaudet and his partner framed him because he refused to become an informant. However, the record on appeal discloses no testimony given by Officer Gaudet that could have been directly impeached by extrinsic evidence of the alleged investigations against him.[5] For example, in State v. Cureaux, 93-838 (La.App. 4 Cir. 10/27/94), 645 So.2d 1215, this Court held that the defendant could impeach an officer’s testimony that he had been a police officer for four years with extrinsic evidence that the officer had been suspended for some sixteen months. In State v. Hollins, 97-627 (La.App. 5 Cir. 11/25/97), 704 So.2d 307, the court found that evidence of an officer’s suspension was inadmissible for impeachment purposes because it did not involve a conviction. In a footnote, the court noted that had the officer testified at trial that he was an employee in good standing with the sheriffs office, then the defendant could have impeached him with extrinsic evidence that he had in fact been suspended. See also State v. Thompson, 08-874 (La.App. 4 Cir. 4/8/09), 10 So.3d 851, writ denied, 09-1044 (La.1/29/10), 25 So.3d 827 (where this Court held that the trial court properly granted the state’s motion in limine because evidence that the officer was the subject of a pending |12conduct investigation regarding the officer’s alleged participation in a battery incident was not admissible as evidence of interest or bias to impeach the officer’s testimony in an unrelated prosecution for possession of cocaine); and State v. Simmons, 10-1508 (La.App. 4 Cir. 2/15/12), 85 So.3d 743. In addition, Officer Buckel’s *810 testimony corroborates Officer Gaudet’s testimony.
In light the above jurisprudence, we cannot find that the trial court abused its discretion when it refused to allow the defendant to introduce evidence regarding Officer Gaudet’s prior or pending investigations.
In his two pro se assignments or error, the defendant argues that his multiple offender sentence was excessive and that his trial counsel was ineffective. The defendant makes two arguments concerning his sentence: 1) the trial court erred in sentencing him without mentioning the sentencing guidelines outlined in La.C.Cr.P. art. 894.1, and is, therefore, excessive; and 2) his counsel was ineffective in not objecting to or filing a motion for reconsideration of sentence.
In addressing his first argument, the defendant concedes his trial counsel failed to make an oral motion, file a written motion for reconsideration of sentence, or object to the sentence in any way. Therefore, the defendant is precluded from raising the claim of excessive sentence. La. C.C.P. arts. 841 and 881.1; and State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 775. In Tyler, the defendant failed to file a motion for reconsideration of sentence or to object to the sentence, and this court found that he had failed to preserve his argument for appeal, and he was precluded from arguing that the trial court failed to follow La. C.Cr.P. art. 894.1 in sentencing him.
| iJn reference to his second argument, the defendant contends that if this court’s review of his sentence is precluded due to counsel’s failure to object or file a motion to reconsider the sentence, such lapse on counsel’s part amounts to ineffective assistance of counsel.
As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full eviden-tiary hearing may be conducted if warranted. State v. Howard, 98-64, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient, the claims may be addressed on appeal. State v. Bordes, 98-86, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147. We find the trial judge’s comments during sentencing are adequate; therefore, the record is sufficient and the issue of ineffective assistance of counsel shall be addressed.
For a defendant to be successful in a claim of ineffective assistance of counsel, he must show that counsel’s performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel’s performance is considered ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Id. Likewise, counsel’s deficient performance will have prejudiced the defendant if the errors were so serious as to deprive the defendant of a fair trial. Id. To carry this burden, a defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. This Court has recognized that a defendant must make both |14showings to establish that counsel was so ineffective as to require reversal. State v. Jenkins, 09-1551, pp. 4-5 (La.App. 4 Cir. 6/30/10), 45 So.3d 173, 176. (citation omitted).
*811 Thus, to prevail on this claim the defendant must show that there is a reasonable probability that, had defense counsel objected to or filed a motion to reconsider sentence and preserved the sentencing issue raised in his first argument, this court would have found merit in that argument. This brings us to a consideration of the defendant’s contention, as expressed in his first argument, that his sentence was excessive.
La. Const, art. I, § 20 explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 978, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Brady, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir. 3/16/99) (quoting State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461). However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979 (citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4th Cir.1987)). Courts must apply these penalties unless they are found to be unconstitutional.
A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676; State v. Bonanno, 384 So.2d 355, 357 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 9, 656 So.2d at 979 (quoting State v. Lobato, 603 So.2d 739, 751 (La.1992)).
A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 2002-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. Intertwined with this issue is the defendant’s argument that the trial court erred in failing to consider the factors outlined in La. C.Cr.P. art. 894.1.
The trial judge’s failure to comply with La.C.Cr.P. article 894.1 does not automatically render a sentence invalid. The Louisiana Supreme Court has held that although Article 894.1 provides useful guidelines for the determination of the nature and length of a sentence, compliance with its provisions is not an end in itself. State v. Wimberly, 414 So.2d 666 (La.1982). Article 894.1 is intended to provide an impartial set of guidelines within which the trial judge’s sentencing discretion may be exercised. State v. Price, 403 So.2d 660 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980). Compliance with Article 894.1 further provides a record which is detailed enough to allow for a reasoned review of allegedly excessive *812 sentences. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, the Louisiana Supreme Court has held that remand is unnecessary, even where there has not been full compliance with Article 894.1. State v. Boatright, 406 So.2d 163 (La.1981); State v. McDonald, 404 So.2d 889 (La.1981); State v. Martin, 400 So.2d 1063 (La.1981); State v. Douglas, supra.
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Landry, 03-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239. See also State v. Bonicard, 98-665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
This Court, in State v. Kelly, 08-200 (La.App. 4 Cir. 6/4/08), 986 So.2d 880, affirmed a sentence of eight years at hard labor for a defendant who was convicted of possession of cocaine and adjudicated a second felony offender. The Court noted that the defendant had prior convictions for possession of cocaine and possession of marijuana.
Similarly, in the present case, the record reflects that the defendant had a prior conviction for possession of cocaine and three prior convictions for possession of drug paraphernalia. The packets from the prior convictions for possession of drug paraphernalia also reveal that on one occasion, the defendant 117was arrested, but not charged with possession of cocaine at the same time he was arrested for possession of drug paraphernalia. Although the defendant received the maximum sentence, the sentence was not a purposeful imposition of pain and suffering. At the sentencing hearing, the trial court expressed its intention to recommend the defendant for all drug treatment programs available through the Department of Corrections, including the Blue Waters Program. This demonstrates that the trial court considered the defendant's drug dependency and need for institutionalized rehabilitation. Under the facts set forth in the record, we cannot find that the trial court abused its discretion in sentencing the defendant to ten years at hard labor. Accordingly, we do not find that defense counsel’s failure to object to or file a motion to reconsider the sentence prejudiced the defendant, so as to render his assistance ineffective.

CONCLUSION

The defendant’s conviction and sentence for possession of drug paraphernalia, third offense, is hereby vacated. The defendant’s conviction for possession of cocaine and enhanced sentence are affirmed.
AFFIRMED IN PART; REVERSED IN PART

. The parties stipulated that if George Jacobs, a fingerprint analyst, were called to testify, he would testify that defendant had three prior convictions for possession of drug paraphernalia.

. In Warner, this Court ruled that double jeopardy barred the prosecution for cocaine possession of a defendant who had previously been convicted under La. R.S. 14:95(E) of possession of a firearm while in possession of the same cocaine. The appellate court noted that "[wjhen the gravamen of the second offense is essentially included within the offense for which the defendant was first tried, the second prosecution is barred because of former jeopardy.” Warner, 94-2649 at p. 7, 653 So.2d at 61. In Warner, this Court noted that the defendant’s prosecution under the cocaine possession charge would require the use of the same evidence presented against him under La. R.S. 14:95(E), and concluded that the prohibition against double jeopardy would be violated. Warner, 94-2649, p. 8, 653 So.2d at 61.

. The law is clear that a conviction under the Controlled Dangerous Substances Act may rest on mere traces or residue of narcotics. See State v. Wright, 618 So.2d 540, 543 (La.App. 4 Cir.1993), writ denied, 623 So.2d 1334 (La.1993); State v. Sylvia, 01-1406 (La.4/9/03), 845 So.2d 358, State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991); State v. Fontenot, 578 So.2d 1032 (La.App. 3 Cir.1991), writ denied, 582 So.2d 1305 (La.1991).

. La C.E. art. 607(D)(1) states:
D. Attacking credibility extrinsically. Except as otherwise provided by legislation: (1) Extrinsic evidence to show a witness' bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.
This article is also subject to the balancing test set forth in article 403. See La. C.E. 607(D)(2).

. Though Officer Gaudet denied that he was admonished by Superintendent Westbrook regarding the defendant’s case, neither Ms. Hut-son, nor her letter, serve to disprove this testimony, as Ms. Hutson testified that the investigation was still open and she was unaware of the results. Likewise, extrinsic evidence to establish that there was an ongoing investigation was inadmissible because the officer never denied this fact, he only indicated that he was unaware of it.